

May 26, 2021

**Via ECF**
Hon. Anne Y. Shields, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Manfredo v. VIP Auto Group of Long Island, Inc., et al.*
               **No. 20 Civ. 3728 (MKB) (AYS)**

Dear Judge Shields:

      Plaintiff writes to move to supplement the record related to Plaintiff's Motion for Conditional FLSA Certification (ECF No. 15) ("Plaintiff's Motion"). The motion was fully briefed and submitted to the Court on May 14, 2021. On May 24, however, Plaintiff received a FOIA response from the U.S. Department of Labor ("DOL"). Kaske Decl. ¶ 4. As explained below, Plaintiff (a) makes this timely submission of (b) reliable evidence (c) to supplement the record that Sales Professionals ("SPs") are similarly situated. Plaintiff conferred with Defendants in advance of this motion. Defendants do not consent to this request. Because this request relates to a recently briefed motion, Plaintiff respectfully requests that this letter be accepted as Plaintiff's motion to supplement without a pre-motion conference or formal briefing.

      Plaintiff makes this application in good faith, without undue delay, and without prejudicing Defendants. Within 24 hours of receiving these records, Plaintiff produced same to Defendants' counsel by email and sought Defendants' consent to file them with the Court. Kaske Decl. ¶ 6. Defendants are not prejudiced by this submission because they (1) can respond to it, (2) actively participated in the investigation and resolution with the DOL as explained within the records, and (3) had equal access to request these records through the FOIA process.

      The records are reliable forms of evidence. Generally, DOL narratives arising out of the agency's investigations are admissible under the public records exception to the hearsay rule. *See, e.g.*, *Franklyn v. Vista Del Mar*, 951 F.2d 359, 3591991 WL 268927, at *1-2 (9th Cir. 1991) (unpublished) ("[T]he district court abused its discretion by excluding the DOL narrative report on the ground that . . . it was inadmissible hearsay."); *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 132 (3d Cir. 1984) ("[T]he district court erroneously excluded the [DOL's investigative] report."); *Bingham v. Jefferson County*, Tex., 1:11 Civ. 48, 2013 WL 1312563, at *7 (E.D. Tex. Mar. 1, 2013) ("[DOL] investigative reports, like those before the Court, are generally found to fall within Rule 803(8)."), *adopted as modified*, 2013 WL 1312014 (E.D. Tex. Mar. 27, 2013). The narratives here are part of the DOL's compliance reporting and fall within this exception.

      Plaintiff seeks to submit the attached DOL records to the Court in further support of Plaintiff's Motion because they support Plaintiff's contentions that Defendants operate as a single



Hon. Anne Y. Shields, U.S.M.J.
Re: *Manfredo v. VIP Auto Group of Long Island, Inc., et al.*
May 26, 2021
Page 2 of 2

employer that applies common wage policies to its SPs. Although the investigation was not focused on the SPs, the findings of the DOL and recounting of its contacts with Defendants supports Plaintiff's already ample showing that conditional certification is warranted.

  First, the DOL findings support Plaintiff's contention that Defendants operate as a single enterprise (ECF No. 15-1 (Pls. Br.) at 4-5, 8-9; ECF No. 20 (Reply Br.) at 3-4):

(1)   the dealership defendants' employment records are kept at the Levittown Ford, *see* Ex R at 2, 8, 13, 19, 25, 31, 36;

(2)   VIP Auto Group was "established . . . as the Human Resource Department to manager all employees of the firms," *id*;

(3)   the general managers in conjunction with VIP Auto Group "run the day to day operations of the firms, make all business decisions, hire, fire, etc.," *id*.; and

(4)   (a) Defendant Sporn and Ms. Leone represented the dealership defendants throughout the investigation, (b) Defendant Sporn agreed to pay the backwages due on behalf of the dealership defendants, and (c) Defendant Sporn promised compliance with the FLSA across the dealership defendants. *Id*. at 4-5

  Second, the DOL report further demonstrates that the dealership defendants apply common wage policies. *See* (ECF No. 15-1 (Pls. Br.) at 3-4, 8-9; ECF No. 20 (Reply Br.) at 7-8. In addition to the fact that the same violations were found across each location and that Defendant Sporn promised compliance across all the dealership defendants, the report states that "as per Erin Leone, Director of HR, the pay practices are about the same for other related dealerships." Ex R at 2.

  In conclusion, Plaintiff respectfully requests that the Court accept Plaintiff's Exhibit R as supplemental evidence to Plaintiff's Motion and find in favor of conditional certification.

  Thank you for Your Honor's anticipated consideration of this matter.

                Respectfully submitted,

                Garrett Kaske

cc: Matthew Mehnert (via ECF)