UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
STEVEN MANFREDO, on behalf of himself      Docket No. 20-CV-3728
and all others similarly situated,     (MKB)(AYS)

                          Plaintiff,

   -against-

VIP AUTO GROUP OF LONG ISLAND, INC.,
LEVITTOWN FORD LLC, WESTBURY JEEP
CHRYSLER DODGE, INC., WESTBURY
IMPORTS LLC f/k/a WESTBURY FIAT LLC,
d/b/a ALFA ROMEO OF WESTBURY and
FIAT OF WESTBURY, GRAND PRIX
SUBARU, LLC, LINDENHURST SUBARU
LLC d/b/a SOUTH SHORE SUBARU, VIP OF
HUNTINGTON, LLC f/k/a and d/b/a VOLVO
CARS OF HUNTINGTON, LLC, GARDEN
CITY JEEP CHRYSLER DODGE, LLC, and
JOEL SPORN,

                         Defendants.
-------------------------------------------------------------- X

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL SUBMISSION IN FURTHER SUPPORT
OF HIS MOTION FOR CONDITIONAL CERTIFICATION**

                                                     LAMB & BARNOSKY, LLP
                                                     Attorneys for Defendants
                                                     534 Broadhollow Road, Ste. 210
                                                     P.O. Box 9034
                                                     Melville, New York 11747-9034
                                                     (631) 694-2300

*Of Counsel*
Matthew J. Mehnert
Sharon N. Berlin

## PRELIMINARY STATEMENT

The supplemental material submitted by plaintiff Steven Manfredo in further support of his motion for conditional certification of a collective action of salespersons employed by the defendants does not, in fact, support the motion. These materials, consisting of documents obtained from the United States Department of Labor ("DOL") relating to a routine audit conducted by the DOL, do not include any findings or materials that address the payroll policies or practices for salespersons employed by any of the defendant automobile dealerships. As a result, these documents do not address the substantive question before this Court, which is whether salespersons employed by any of the corporate defendants other than Levittown Ford, LLC, are similarly situated so as to permit the granting of conditional certification.

In addition, and leaving aside the question of whether the documents are admissible, the documents submitted by plaintiff are not sufficiently reliable so as to permit the Court to infer that the DOL's findings can be true as to salespersons who were not the subject of the audit.

For these reasons, as well as those set forth in their initial papers in opposition to plaintiff's motion, defendants respectfully seek an order denying plaintiff's motion for conditional certification inasmuch as plaintiff seeks the conditional certification of a putative collective action beyond those salespersons who were or are employed by defendant Levittown Ford LLC.

## BACKGROUND

Following the submission of plaintiff's motion for conditional certification to the Court on May 14, 2021, plaintiff received certain documents from the United States Department of Labor ("DOL") relating to a prior audit conducted by the DOL with regard to several of the corporate defendants. Plaintiff sought leave of the Court to supplement the record on May 26,

1

2021. *See* ECF Docket No. 21. Plaintiff's motion was granted on June 3, 3021. *See* June 3, 2021 ECF Docket Order. Plaintiff, as directed, re-filed his proposed supplemental material that same day. *See* ECF Docket No. 22.

## ARGUMENT

### THE SUPPLEMENTAL INFORMATION SUBMITTED BY PLAINTIFF DOES NOT SUPPORT CONDITIONAL CERTIFICATION

The DOL records submitted by plaintiff do not support his motion for conditional certification because those records are not related to any DOL review of payroll practices or policies relating to the putative collective action members. Moreover, the evidence submitted as dispositive are not reliable as to the issues before this Court with regard to the motion for conditional certification. For these reasons, the supplemental material is not relevant to the motion and should not be relied upon by the Court.

Plaintiff admits, on the first page of his Memorandum of Law, that "the investigation was not related to the putative class members." The DOL's audit, to be clear, did not include a review of any of the policies or procedures relating to sales professionals. The audit was limited to reviewing the payroll practices and policies for employees paid on an hourly basis. Plaintiff, and the putative collective action members, were commissioned salespersons who were not paid by the hour. Thus, the payroll policies that are before the Court in this case were not the subject of the DOL's review. For this reason, the DOL's audit, and the documentation relating to same, are not relevant to examining whether there is similarity among the putative collective action members and Plaintiff. In fact, the DOL's audit has nothing to say on this topic.

In addition, and regardless of whether the supplemental materials are ultimately admissible at the time of a trial, the findings of the DOL are not reliable inasmuch as they are based solely upon the opinion of the DOL investigator. For this reason, this Court should not rely

upon them on plaintiff's motion, particularly considering the investigator was not auditing any payroll practices relating to the putative collective action members. For example, there was no formal hearing at which evidence was presented or at which the employer was permitted to cross-examine witnesses. In the absence of these basic due process protections, and even though the DOL's records can be said to fall outside of a hearsay exemption, the DOL's findings are not reliable evidence upon which the Court should place any weight as to the issues before it on Plaintiff's motion for conditional certification. This is particularly so where the Defendants in this case dispute several of the allegations of similarity contained in the DOL's findings.

Moreover, the DOL's findings summarize conversations with Defendant Joel Sporn as well as Erin Leone, both of whom submitted affidavits in response to Plaintiff's motion. The DOL's summary of a conversation, taken without the benefit of a transcription, is not reliable evidence regarding their statements, particularly where there has been no declaration that these unsworn statements are true by Mr. Sporn or Ms. Leone. *See generally Waddlington v. City of New York*, 971 F. Supp. 2d 286, 292 (E.D.N.Y. 2013) (declining to consider unsworn statements without some attestation that the statements are true by declarant on summary judgment motion)

For these reasons, the DOL's findings related to employees outside the putative collective action and which were not the result of a hearing at which due process was afforded the defendants, has no impact upon the issues now before the Court with regard to plaintiff's motion for conditional certification.

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in their previously submitted papers in opposition to plaintiff's motion, Defendants VIP Auto Group of Long Island, Inc., Levittown Ford LLC, Westbury Jeep Chrysler Dodger, Inc., Westbury Imports LLC, Grand Prix

Subaru, Lindenhurst Subaru LLC, VIP of Huntington, LLC, Garden City Jeep Chrysler Dodge, LLC, and Joel Sporn, respectfully pray for an Order denying, in part, plaintiff's motion for conditional certification inasmuch as he seeks conditional certification on behalf of a putative class of employees that extends beyond Levittown Ford, LLC and for such other and further relief as this Honorable Court may deem just and proper.

Dated:   Melville, New York
         June 17, 2021

                                        LAMB & BARNOSKY, LLP

                                        By: _____
                                            Matthew J. Mehnert
                                            Sharon N. Berlin
                                        Attorneys for Defendants
                                        534 Broadhollow Road, Ste. 210
                                        P.O. Box 9034
                                        Melville, New York 11747-9034
                                        (631) 694-2300