UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN MANFREDO, on behalf of himself and
all others similarly situated,

                             Plaintiff,                       **MEMORANDUM**
                                               **AND OPINION**

            -against-                              CV 20-3728 (MKB)(AYS)

VIP AUTO GROUP OF LONG ISLAND, INC.,
LEVITTOWN FORD LLC, WESTBURY JEEP
CHRYSLER DODGE, INC., WESTBURY
IMPORTS LLC f/k/a WESTBURY FIAT LLC
d/b/a ALFA ROMEO OF WESTBURY and FIAT
OF WESTBURY, GRAND PRIX SUBARU, LLC,
LINDENHURST SUBARU LLC d/b/a SOUTH
SHORE SUBARU, VIP OF HUNTINGTON, LLC
f/k/a and d/b/a VOLVO CARS OF HUNTINGTON,
LLC, GARDEN CITY JEEP CHRYSLER DODGE,
LLC and JOEL SPORN,

                              Defendants.
------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

       Plaintiff, Steven Manfredo ("Plaintiff" or "Manfredo"), commenced this action, on behalf

of himself and others similarly situated, pursuant to the Fair Labor Standards Act of 1938

("FLSA"), 29 U.S.C. §§ 206, 207, and 216(b), New York Labor Law ("NYLL") Article 19 §§

633, 652, NYLL Article 6 §§ 190 et seq., and 12 New York Codes, Rules and Regulations

("NYCRR") §§ 142-2.2, 142-2.4 and 137-1.7. Plaintiff seeks unpaid wages, overtime

compensation and other damages. Named as defendants are corporate defendants VIP Auto

Group of Long Island ("VIP"), Levittown Ford LLC ("Levittown Ford"), Westbury Jeep

Chrysler Dodge, Inc., Westbury Imports LLC, formerly known as Westbury Fiat LLC, and doing

business as Alfa Romeo of Westbury and Fiat of Westbury, Grand Prix Subaru, LLC,

Lindenhurst Subaru, LLC, doing business as South Shore Subaru, VIP of Huntington, LLC,

formerly known as and doing business as Volvo Cars of Huntington, LLC, Garden City Jeep

Chrysler Dodge, LLC (the "Corporate Defendants"), and individual defendant Joel Sporn

("Sporn") (collectively, "Defendants").

Presently before the court is Plaintiff's motion to have this matter proceed conditionally

as a collective action, pursuant to 29 U.S.C. §216(b).[1]  In the event that this Court grants

Plaintiff's motion for conditional certification, Plaintiff seeks approval of a form of notice

advising members of the collective of their right to opt-in to this action, and authorizing the

sending and/or posting of notice of the collective action.  Defendants oppose the motion in part.

Defendants do not oppose that portion of Plaintiff's motion that seeks to conditionally certify a

class of plaintiffs who were employed as Sales Professionals at Defendant Levittown Ford and

have stipulated to the form and manner of notice to be provided.  However, Defendants oppose

conditionally certifying a class of plaintiffs across all seven automobile dealerships named as

Defendants and with respect to Defendant VIP in its entirety.

For the reasons set forth below, Plaintiff's motion to proceed as a conditional collective

action is granted.  The collective action shall consist of all Sales Professionals who were

employed by Defendants at any of the named locations from three years prior to the filing of the

Complaint herein.  The parties' stipulated form of Notice is approved.

BACKGROUND

I.   Facts Considered in the Context of this Motion

The facts summarized below are drawn from the submissions of the parties as described

below.  Plaintiff relies on the allegations set forth in his Complaint (Docket Entry ("DE") [1]), as

---

[1] Plaintiff also asserts various claims pursuant to the New York Labor Law that are not before the Court in the instant motion.

well as his affidavit, (DE [15-4]).  In response, Defendants submit the factual affidavits of Sporn, one of several owners of the Corporate Defendants, and a named Defendant himself, (DE [16]), and Erin Leone ("Leone"), the Director of Human Resources for defendant VIP.  (DE [17].)

II.    The Parties and the Factual Allegations of the Complaint

VIP is a domestic corporation – namely, an automotive dealership business – organized and existing under the laws of the State of New York, with gross sales in excess of five hundred thousand dollars per year.  (Compl. ¶¶ 10, 13, 18.)  Its principal address is located at 3195 Hempstead Turnpike, Levittown, New York.  (Id. ¶ 11.)  The other Corporate Defendants are all automobile dealerships located throughout Long Island, alleged to be owned or operated by VIP and/or Sporn.  (Id. ¶¶ 19-99.)  Sporn is the President of VIP, as well as of all the Corporate Defendants.  (Id.  ¶¶ 100-02.)  Sporn is also a shareholder and the Chief Executive Officer of each of the Corporate Defendants.  (Id. ¶¶ 103-05.)  As such, Sporn has authority over the personnel and payroll decisions of the Corporate Defendants.  (Id.  ¶¶ 107-08.)  Sporn also has the authority to hire and fire employees and oversees the day-to-day operations of the Corporate Defendants.

Plaintiff was employed as a commission-paid salesperson for Defendants at Levittown Ford from approximately March 2018 through March 2020.  (Id. ¶¶ 9, 160.)  Plaintiff alleges that throughout his employment, he regularly worked more than forty hours per week selling automobiles to Defendants' customers.  (Id. ¶¶ 141-45, 164.)  All salespersons employed by Defendants are paid a weekly salary, plus commission and bonuses on the sales made.  (Id. ¶ 144.)  If a salesperson does not make any sales in a given week, they are paid only their weekly salary.  (Id. ¶ 145.)  In numerous weeks, Plaintiff was only paid his $400.00 per week salary, regardless of how many hours he worked.  (Id. ¶ 165.)  Despite working more than forty hours

per week, Plaintiff alleges that he was not compensated at a rate of one and one-half times the minimum wage for all hours worked in excess of forty.  (Id. ¶ 147.)  Finally, Plaintiff alleges that throughout his employment, he was provided a paystub that failed to report the actual name of his employer and the hours he worked.  (Id. ¶¶ 152, 166.)

III.    Claims Alleged in the Amended Complaint and the Proposed Collective

Plaintiff's first cause of action in the Complaint alleges violation of the FLSA for Defendants' failure to pay minimum wage for time worked.  (Compl. ¶¶ 167-73.)  The second cause of action alleges a parallel unpaid wage claim pursuant to the New York Labor Law ("NYLL").  (Id. ¶¶ 174-81.)  Count Three of the Complaint alleges overtime wage violations pursuant to the New York Labor Law.  (Id. ¶¶ 182-88.)  Finally, the fourth cause of action alleges Defendants' failure to keep records, pursuant to the NYLL.  (Id. ¶¶ 189-97.)

Plaintiff seeks to pursue this matter as an FLSA collective action that includes all current and former Sales Professionals employed by Defendants from August 17, 2014 to date.  (Not. of Pl. Mot. for Conditional Collective Certification, DE [15-3], at 1.)  Members of the proposed collective action are alleged to be subject to the same unlawful policy as Plaintiff in that they, like Plaintiff, worked hours for which they were not compensated in violation of the FLSA's minimum wage provisions.  Defendants' conduct with respect to the improper payment of wages is alleged to be willful.  (Am. Compl. ¶¶ 155-58.)  In furtherance of his request to proceed as a collective action, Plaintiff requests court-authorized notice be published to the putative collective action members to notify them of the pendency of this action, and of their rights under the FLSA. (DE [15-3].)

IV.   Plaintiff's Motion and Supporting Documentation

As noted, Plaintiff seeks conditional certification of this matter as an FLSA collective action, and to have notice of the pendency of this action (and the right to opt in), sent to all potential members of the proposed collective action.  The individuals to whom notice is proposed to be sent are described as those "current[] and former salespersons employed by the Defendants as of August 17, 2014."  (DE [23-2].)  In support of the motion, Plaintiff submits, as noted, his declaration.

Plaintiff's declaration states that he was employed by Defendants as a salesperson at the Levittown Ford dealership from approximately March 2018 to March 2020.  (Manfredo Decl. ¶¶ 2-8.)  Throughout his employment, Plaintiff was scheduled to work fifty or more hours per week, but usually worked beyond his scheduled time for sixty hours per week.  (Id. ¶¶ 9, 12.) As a salesperson, Plaintiff was paid $300.00 a week as salary plus a $100.00 salary bonus if he met certain targets.  (Id. ¶ 20.)  Plaintiff states that if he did not make any automobile sales in a given week, he did not earn and was not paid anything more than his weekly salary.  (Id. ¶ 21.) Accordingly, some weeks Plaintiff was only paid $300.00 to $400.00 for the week, regardless of how many hours he worked.  (Id. ¶ 22.)  Finally, Plaintiff states that other salespersons were subject to the same compensation policy.  (Id. ¶¶ 23-30.)

V.   Defendants' Opposition

Defendants oppose Plaintiff's motion in part.  As stated above, Defendants do not oppose conditionally certifying and sending notice to a collective action of salespersons for the Levittown Ford dealership.  What Defendants do oppose is conditionally certifying a collective action of salespersons for all seven automobile dealership named as defendants in this action on the grounds that Plaintiff has failed to demonstrate that he is "similarly situated" to the putative

collective action members who worked at any of the other defendant dealerships. (Def. Mem. of Law in Opp'n to Pl. Mot. for Conditional Certification 8-16.) Defendants also oppose conditionally certifying a class of salespersons employed by Defendant VIP on the grounds that VIP does not employ any salespersons. (Id.) In support of their position, Defendants rely on the affidavits of Sporn, a part-owner and corporate officer of all seven dealership defendants and VIP, as well as the President and CEO of VIP, (Sporn Aff. ¶ 5, ¶ 20, DE [16]), and Leone, VIP's Director of Human Resources. (Leone Aff. ¶ 1, DE [17].)

Sporn and Leone both aver that VIP provides certain centralized management services for the automobile dealerships named as defendants herein, including human resources, training and technical support. (Sporn Aff. ¶ 4; Leone Aff. ¶ 3.) As such, VIP has a number of employees, all of whom are engaged in administrative positions. According to Sporn and Leone, VIP does not employ any salespersons. (Sporn Aff. ¶ 6; Leone Aff. ¶ 4.) Each of the defendant dealerships herein utilizes VIP's management services for a monthly fee, including Levittown Ford, where Plaintiff was employed. (Sporn Aff. ¶ 8; Leone Aff. ¶ 6.) The defendant dealerships are, however, distinct legal entities, separate and apart from VIP, with their day-to-day operations overseen by each dealership's General Manager, who is employed by the dealership, not VIP. (Sporn Aff. ¶ 8; Leone Aff. ¶ 6.) Sporn also avers that each of the defendant dealerships handles their own finances, with each dealership having its own controller that is responsible for its payroll each week. (Sporn Aff. ¶ 10.)

Having set forth the parties' positions and supporting documentation, the Court turns to the merits of the motion.

DISCUSSION

I.      Conditional Collective Action Certification: Legal Principles

The FLSA imposes liability upon employers that violate the statute's minimum wage

and overtime compensation provisions.  See 29 U.S.C. §§ 206-207.  Section 216(b) of that statute

provides an employee with a private right of action to recover overtime compensation and/or

minimum wages on behalf of himself, as well as other similarly situated employees.  Such

similarly situated employees may become parties to an FLSA action upon giving consent in

writing to become parties, which consent is filed in the court in which the action is brought.  See

29 U.S.C. § 216(b); Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 65 (E.D.N.Y. 2016).

Courts within the Second Circuit apply a two-step analysis to determine whether an

action should be certified as an FLSA collective.  See Mongiove v. Nate's Corp., No. 15-CV-

1024, 2016 WL 590460, at * 1 (E.D.N.Y. Feb. 11, 2016).  First, the court determines whether the

proposed class members are similarly situated with respect to the alleged FLSA violations.  See

Myers v. Hertz, 624 F.3d 537, 554-55 (2d Cir. 2010); Wang v. Shun Lee Palace Rest., Inc., No.

17-CV-0840, 2018 WL 3155835, at *3 (S.D.N.Y. June 28, 2018); Jin v. Shanghai Original, Inc.,

No. 16-cv-5633, 2018 WL 1597389, at *5 (E.D.N.Y. Apr. 2, 2018); Rubery v. Buth-Na-

Bodhaige, Inc., 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2007)  If the court decides the similarity

question in the affirmative, appropriate notice is sent and members of the collective may

thereafter "opt-in" by consenting in writing to be bound by the result of the suit.  See

Sultonmurodov v. Mesivta of Long Beach, No. 15-CV-1654, 2015 WL 9273948, at *2

(E.D.N.Y. Dec. 17. 2015); Rubery, 569 F. Supp. 2d at 336; see also 29 U.S.C. § 216(b).  The

second step, which typically occurs after the completion of discovery, requires the court to make

renewed factual findings as to whether the class members are actually similarly situated.  See

Rosario v. Valentine Ave. Discount Store, Co., 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011);

Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009).  "At that juncture, the

court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact,

similarly situated to the named plaintiff."  Bifulco, 262 F.R.D. at 212 (quotations and citations

omitted).  In the event that they are not, "the court will decertify the class, the claims of the opt-

in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to

trial on their individual claims."  Id. (quoting Rubery, 569 F. Supp. 2d at 336); see also Jin, 2018

WL 1597389, at *5.

        The instant motion concerns only the first step, i.e., whether the proposed opt-in members

are "similarly situated" such that conditional certification should be granted.  At this stage, "the

evidentiary standard is lenient," Castillo v. Perfume Worldwide Inc., No. 17-2972, 2018 WL

1581975, at *3 (E.D.N.Y. Mar. 30, 2018) (quoting Bifulco, 262 F.R.D. at 212), and "plaintiffs

need only make 'a modest factual showing sufficient to demonstrate that they and potential opt-

in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  Myers,

624 F.3d at 555 (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997));

Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 552 (S.D.N.Y. 2013).

        Importantly, the issue of "similarly situated" refers not to similarity of job duties, but to

similarity in pay structure.  Thus, courts in this district and elsewhere routinely reject attempts to

limit certification based on alleged dissimilarity of job function.  See, e.g., Ritz v. Mike Rory

Corp., No. 12 CV 367, 2013 WL 1799974, at *2 (E.D.N.Y. Apr. 30, 2013) (rejecting limiting

conditional class to bartenders and instead, including all tipped service workers in conditional

class); Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 464 (E.D.N.Y. 2012) (refusing to

limit certification to positions held by named plaintiffs); Iglesias-Mendoza v. La Belle Farm,

Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (rejecting as frivolous defendant's argument that certification should be limited to duck feeders); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (certifying employees despite varying positions and functions). Additionally, it is well-recognized that the burden at the conditional certification stage is so low that Plaintiff's lone affidavit setting forth a common payment scheme may suffice. See Sultonmurodov, 2015 WL 9273948, at *2.

II.      The Motion for Conditional Certification is Granted

     Defendants oppose the motion on the ground that Plaintiff's submission fails to sustain even the limited burden of proof necessary for notice of a collective action to be sent, arguing that Plaintiff is not similarly situated to other putative FLSA collective members and that Plaintiff has not demonstrated a common unlawful compensation policy.  The Court disagrees. Plaintiff has set forth sufficient facts to support the modest factual showing that Defendants' employees were subject to a policy of not being compensated for hours worked in excess of forty per week.

     Defendants' opposition is premised on the argument that Plaintiff has failed to make even a modest showing that salespersons employed by any of the other Corporate Defendants beyond Levittown Ford are similarly situated or that there is any commonality among the dealerships, arguing that Plaintiff has not presented evidence beyond his own affidavit.  However, "[s]everal courts have conditionally certified a collective of employees spanning multiple locations based on the allegations and affidavit of a single plaintiff who worked at only one location." Qing Tian Zhuo v. Jia Xing 39th Inc., No. 14-Cv-2848, 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (citing cases).

Defendants also assert that Plaintiff's affidavit contains materially false statements with respect to certain former Levittown Ford employees being "transferred" to other dealerships. (Leone Aff. ¶¶ 13-18.)  However, this is not the inquiry at this stage of the litigation.  "The relevant issue here . . . is not whether Plaintiff[] and potential opt-in plaintiffs [are] identical in all respects, but rather whether they were subjected to a common policy to deprive them of overtime pay when they worked more than 40 hours per week."  Zaniewski v. PRRC Inc., 848 F. Supp. 2d 213 (D. Conn. 2012). Plaintiff is seeking only conditional certification and thus, "a fact-intensive inquiry is inappropriate at the notice stage . . ."  Id.

Deposition testimony corroborating Plaintiff's affidavit will be more availing at the next stage of this litigation, which will take place at the close of factual discovery.  At that time, if requested, the Court will make renewed factual findings to determine whether Plaintiff is actually similarly situated to other employees.  See Marin v. Apple-Metro, Inc., No. 12 CV 5274, 2014 WL 11035376, at *7 (E.D.N.Y. July 29, 2014) ("After discovery, the class 'may be de-certified if the record reveals that they are not [similarly situated] . . . .'") (citation omitted).  At this stage however, Defendants' opposition papers serve only to create a question of fact; they do not, as a matter of law, defeat the motion for conditional certification as "the merits of plaintiff['s] claims are not at issue on a motion for conditional certification."  Marin, 2014 WL 11035376, at *7 (quoting Laroque v. Domino's Pizza, 557 F. Supp. 2d 346, 345 (E.D.N.Y. 2008)); see also Lujan v. Cabana Mgmt., Inc., No. 10-CV-755, 2011 WL 317984, at *6 (E.D.N.Y. Feb. 1, 2011) (finding that defendants' evidentiary showing was "at a minimum, a 'contested area of fact requiring discovery,' and not a basis for denying conditional certification") (citation omitted).

Accordingly, Plaintiff's motion for conditional certification of a collective action is granted.

III.     Form of Notice

Defendants do not object to Plaintiff's proposed Notice, as set forth at Docket Entry [15-3]. In fact, the parties have filed a stipulation as to the form and means of notice. (Kaske Reply Decl., Ex. Q, DE [20-4].) As Plaintiff's proposed Notice mirrors the sample contained in this Court's Individual Rules, the Court approves the proposed Notice, as well as the means for dissemination, subject to the modification set forth below.

Plaintiff's proposed Notice contemplates a notice period dating back six years prior to the filing of the Complaint herein. The basis for this is that although the FLSA has a three-year limitations period for willful violations, Plaintiff's related claims under the NYLL are subject to a six-year statute of limitations. See 29 U.S.C. § 255(a); N.Y. Lab. Law § 663(3). While some courts in this district have endorsed a six-year notice period, see, e.g., Cohan v. Columbia Sussex Mgmt., LLC, No. 12-cv-3203, 2016 WL 1045532, at *2 (E.D.N.Y. Mar. 15, 2016); Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 59 (E.D.N.Y. 2011), "'decisions regarding the scope of the proposed notice are discretionary' and courts have come to differing conclusions when addressing the correct opt-in notice period in this situation." Chavez v. Tribesmen Group, LLC, No. 21-cv-1981, 2021 WL 4844448, at *3 (E.D.N.Y. Oct. 18, 2021) (quoting Cohan, 2016 WL 1045532, at *2).

"[T]he growing trend in this district appears to be limiting the notice period to three years." Aleman-Valdivia v. Top Dog Plumbing & Heating Corp., No. , 2021 WL 4502479, at *6 (E.D.N.Y Sept. 30, 2021) (quoting McBeth v. Gabrielli Truck Sales, Ltd., 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011)) (additional citation omitted). As other courts have found, "a three-

year notice period [makes] more sense because of 'the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred." <u>Aleman-Valdivia</u>, 2021 WL 4502479, at *6 (quoting <u>Trinidad v. Pret a Manger (USA) Ltd.</u>, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013)). "[P]roviding notice to potential plaintiffs who only have NYLL claims is premature in the absence of Rule 23 class certification." <u>Chavez</u>, 2021 WL 4844448, at *3 (quoting <u>Perez v. De Domenico Pizza & Rest., Inc.</u>, 204 F. Supp. 3d 494, 496 (E.D.N.Y. 2016)).

This Court agrees with the growing number of cases authorizing a three-year notice period. Accordingly, Plaintiff's proposed Notice shall be disseminated to all Sales Professionals employed by Defendants from three years prior to the filing of the Complaint herein.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification as an FLSA collective action pursuant to Section 216(b) of the FLSA is granted. The collective action shall consist of all Sales Professionals who were employed by Defendants from three years prior to the filing of the Complaint. As the parties have stipulated to the form and means of dissemination of Plaintiff's proposed Notice, the Notice is approved, subject to the modification set forth herein. Defendants are directed to provide Plaintiffs with the names and contact information of all employees who may be potential plaintiffs herein within ten (10) days of the date of this Order.

**SO ORDERED:**

Dated:  Central Islip, New York
October 26, 2021

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge